UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL TIMOTHY NEWELL,

    Petitioner,

v.	CASE NO. 6:10-cv-428-Orl-36TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the amended petition (Doc. No. 16), the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 19). Petitioner filed a reply to the response (Doc. No. 25).

Petitioner alleges two claims for relief in his amended habeas petition: (1) trial counsel was ineffective for failing to seek suppression of the DNA evidence collected in state court case number 03-14650; and (2) the State committed a violation under *Brady v. Maryland*, 373 U.S. 83 (1963) when it failed to disclose the trial court's order modifying Petitioner's conditions of probation in state court case number 03-14650. For the following reasons, the petition for writ of habeas corpus is denied.

I.      *Procedural History*

Petitioner was charged with attempted felony murder (count one), kidnapping with intent to commit a felony (count two), two counts of sexual battery (counts three and four), and aggravated battery with a deadly weapon or causing great bodily harm (count five) for crimes committed on July 4, 2001.  After a jury trial, Petitioner was convicted of the lesser included offenses of attempted voluntary manslaughter and false imprisonment for counts one and two and convicted as charged for counts three, four, and five.  The trial court sentenced Petitioner to four fifteen-year terms of imprisonment for counts one, three, four, and five and ordered the sentence for count three to run consecutively to the sentence for count one.  Petitioner was also sentenced to a five-year term of imprisonment for count two, which was ordered to run consecutively to count one.  Petitioner appealed, and the Fifth District Court of Appeal affirmed Petitioner's convictions and sentences.  *Newell v. State*, 935 So. 2d 83 (Fla. 5th DCA 2006).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in which he alleged nine grounds for relief.  The trial court summarily denied the majority of Petitioner's claims and held an evidentiary hearing on claim eight.  After the evidentiary hearing, the trial court granted the claim in part and vacated Petitioner's convictions for counts one, two, and five.  Petitioner appealed the summary denial of his other claims, and the Fifth District Court of Appeal affirmed *per curiam*.  Petitioner subsequently filed a second Rule 3.850 motion, which

was denied as successive. The appellate court *per curiam* affirmed the lower court's denial of Petitioner's post-conviction motion.

## II.    *Legal Standards*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to"" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application"

>clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if the application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.    *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III. Analysis

#### A. Claim One

Petitioner alleges trial counsel was ineffective for failing to seek suppression of the DNA evidence collected in state court case number 03-14650 (Doc. No. 17 at 9-11). In state court case number 03-14650, Petitioner entered a guilty plea to three counts of misdemeanor battery. Petitioner alleges that his probation officer informed him that he was required to submit a DNA sample as a condition of his probation or he would risk violating his probation. *Id.* at 4. Therefore, Petitioner complied with his probation officer's request. *Id.* Petitioner maintains that contrary to his probation officer's assertions, he was not subject to DNA collection in case number 03-14650, and thus, his DNA was illegally seized. The police were able to identify Petitioner as a suspect in the instant case because the DNA collected from the victim was matched to Petitioner's DNA that was in the State of Florida Combined DNA Indexing System ("CODIS") database from state court case number 03-14650.

Petitioner raised this claim in his Rule 3.850 motion (App. I & K). The trial court summarily denied the claim, concluding counsel had no basis to seek suppression of the DNA evidence because Petitioner's DNA sample was legally obtained in state court case number 03-14650 (App. L). The Fifth District Court of Appeal affirmed *per curiam* (App. Q).

To establish prejudice in the context of ineffective assistance of counsel for failure

to raise a Fourth Amendment claim, a petitioner must show that "(1) the underlying Fourth Amendment issue has merit and (2) there is a 'reasonable probability that the verdict would have been different absent the excludable evidence.'" *Green v. Nelson*, 595 F.3d 1245, 1251 (11th Cir. 2010) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

>Section 943.325, Florida Statutes (2003) provides the following:
>
>(1)(a) Any person who is convicted or was previously convicted in this state for any offense or attempted offense enumerated in paragraph (b), . . . who is either:
>
>1. Still incarcerated, or
>
>2. No longer incarcerated, or has never been incarcerated, yet is within the confines of the legal state boundaries and is on probation, community control, parole, conditional release, control release, or any other type of court-ordered supervision,
>
>shall be required to submit two specimens of blood or other biological specimens approved by the Department of Law Enforcement to a Department of Law Enforcement designated testing facility as directed by the department.

Further, section 943.325(1)(b) enumerates the crimes for which submission of a blood or biological sample is required, and lists, among other crimes, robbery. However, the statute does not list misdemeanor battery.

Petitioner was convicted of robbery on May 20, 1994 (App. J). Petitioner was not incarcerated or on parole or probation for that offense in 2003. However, he was serving a term of probation for three counts of misdemeanor battery. Because Petitioner was previously convicted of an enumerated felony (robbery) and was on

7

probation, albeit for a different offense, he fell within the confines of section 943.325(1)(a)(2), Florida Statutes. Section 943.325 does not require that the probation or court-ordered supervision be for an enumerated crime. It simply requires that the defendant have been previously convicted of an enumerated crime (such as robbery) and that the defendant be currently on probation or supervision in the state of Florida when the sample is taken. *See State v. Orick*, 807 So. 2d 759, 760 (Fla. 1st DCA 2002) (holding that DNA sample taken from the defendant was proper where the defendant was serving a term of incarceration for carrying a concealed weapon and previously had been convicted of sexual battery, a crime enumerated under section 943.235(1), Florida Statutes). Petitioner's submission of a DNA sample to the State CODIS database was authorized by statute.[2]

Petitioner asserts that subsection (10) of 943.325, Florida Statutes, prevented the trial court from ordering him to submit a DNA sample. This section provides that:

> Any person previously convicted of an offense specified in this section, or a crime which, if committed in this state, would be an offense specified in this section, and who is also subject to the registration requirement

---

[2]Petitioner argues that the state court illegally modified his probation to include the condition of probation wherein he had to submit a DNA sample. Specifically, Petitioner asserts that the trial court had to orally pronounce this condition of probation at sentencing. *See* § 948.03, Fla. Stat. (2003). Instead, the trial court granted the State's motion for modification of probation to include the condition for submitting a DNA sample (App. J). The Court, however, disagrees with Petitioner's argument. Because DNA testing was mandated by statute, *see* § 948.03, Fla. Stat., the state court's failure to orally pronounce this condition at sentencing was not fatal, and the later modification of probation did not amount to an illegal sentence. *See Morrow v. State*, 914 So. 2d 1085 (Fla. 4th DCA 2005); *Taylor v. State*, 821 So. 2d 404 (Fla. 2d DCA 2002).

> imposed by s. 775.13, shall be subject to the collection requirement of this section when the appropriate agency described in this section verifies the identification information of the person. The collection requirement of this section does not apply to a person as described in s. 775.13(5).

§ 943.325(10)(c), Fla. Stat. (2003). Section 775.13 relates to the registration of convicted felons and requires a person convicted of a crime which would be a felony in the State of Florida to register with the sheriff of the county within forty-eight hours after entry into the county or with the Florida Department of Law Enforcement. § 775.13(2)-(4), Fla. Stat. (2003). The registration requirement does not apply to persons who have had their civil rights restored, who have received a full pardon, or who have been lawfully released from incarceration or supervision for more than five years prior to the time for registration. § 775.13(5), Fla. Stat.

Petitioner essentially argues that section 943.325(10)(c) trumps section 943.325 (1)(a)(2), Florida Statutes. Petitioner states that subsection (10)(c) applies in this case, and because he was released from incarceration on his robbery conviction more than five years prior to 2003, he was not required to give a DNA sample. However, Petitioner's argument fails. Section 943.325(10)(c) provides the State of Florida with an alternative means of collecting convicted felons' DNA when they do not fall under section 943.325(1)(a)(2), Florida Statutes. Because Petitioner was on probation in 2003, he was required to submit a DNA sample as a condition of his probation and pursuant to section 943.325(1)(a)(2), Florida Statutes. While Petitioner argues that this reading of the statute is improper, Petitioner does not cite to any case law to support his

arguments. Further, this Court has not identified any case law which suggests a different reading of the Florida statute.³

Petitioner's DNA was properly collected in state court case number 03-14650. Therefore, trial counsel had no basis to seek suppression of the DNA match in this case. Because the underlying Fourth Amendment issue is not meritorious, Petitioner cannot establish deficient performance on the part of counsel for failing to file a motion to suppress. The state court's determination was neither contrary to, nor an unreasonable application of, clearly established federal law. This claim is denied pursuant to § 2254(d).

B.   *Claim Two*

Petitioner also claims that the State committed a *Brady* violation when it failed to disclose to the defense the trial court's order modifying Petitioner's conditions of probation in state court case number 03-14650 (Doc. No. 17 at 12). Petitioner raised

---

³Additionally, the Court notes that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them"). Federal courts "must defer to a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citing *Spencer v. Texas*, 385 U.S. 648 (1967)). The state court's determination with regard to the interpretation of a state sentencing statute is an issue of state law that is not subject to federal habeas review. *See Curry v. Culliver*, 141 F. App'x 832, 834 (11th Cir. 2005) (claims regarding the interpretation of a state's sentencing statute are purely questions of state law) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)).

this claim in his second Rule 3.850 motion (App. S). The trial court summarily denied the claim as successive (App. T). The Fifth District Court of Appeal affirmed *per curiam* (App. V).

A *per curiam* affirmance of a trial court's finding of procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990); *see also Ferguson v. Sec'y Dep't of Corr.,* 580 F.3d 1183, 1218 (11th Cir. 2009). "[T]he clear inference to be drawn from the appellate court's per curiam affirmance of the trial court's decision explicitly based on procedural default is that the court accepted not only the judgment but the reasoning of the trial court." *Harmon*, 894 F.2d at 1273. Therefore, this Court will apply the state procedural bar.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only

occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner alleges that he could not have raised his *Brady* claim in his first Rule 3.850 motion because he was unaware of the existence of the order from the Pinellas County Circuit Court which modified his probation. However, the order was entered in Petitioner's own prior criminal case, thus, Petitioner has not demonstrated that he was unaware of the existence of this order. Therefore, Petitioner cannot establish cause for the procedural default. Moreover, even assuming Petitioner can demonstrate cause, he has failed to show that prejudice resulted. As this Court previously noted, the Pinellas County court's modification of Petitioner's probation was not unlawful. Therefore, Petitioner cannot demonstrate that the State possessed and willfully suppressed *favorable* evidence, or evidence that would have changed the outcome of the proceeding. *See Brady*, 373 U.S. at 83; *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus, the instant claim is procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

IV.     *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus filed by Paul Timothy Newell (Doc. No. 16) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 29th day of August, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 8/29
Counsel of Record
Paul Timothy Newell